IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Casey Book, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EOG Resources, Inc., <br><br> Defendant. | Civil Action No. 4:22-cv-00917 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Casey Book ("Book" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against EOG Resources, Inc. ("EOG" or "Defendant"), showing in support as follows:

### I.    NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on a day rate basis.

2. Specifically, Plaintiff was misclassified as an independent contractor by Defendant. Plaintiff was paid a day rate and regularly worked in excess of 40 hours per workweek while performing his job duties for Defendant. However, he was never paid time and one-half his regular rate of pay by Defendant for any hours worked over 40 in a workweek during his work for Defendant.

3. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf

of all similarly situated current and former employees of Defendant while paid on a day rate basis who, like Plaintiff, were misclassified as independent contractors, and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

4. As a result of the independent contractor misclassification, Plaintiff and the putative Collective Action Members do not/did not enjoy and receive the benefits of employment, such as overtime wages.

5. Plaintiff and the putative Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES

**A.   Plaintiff Casey Book**

6. Plaintiff is an individual residing in Rapides Parish County, Louisiana. Plaintiff has standing to file this lawsuit.

7. Plaintiff began working for Defendant on or about June 1, 2019. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about February 20, 2020.

8. Although Plaintiff was labeled as a so-called independent contractor by Defendant, the economic reality is that, at all times relevant, he was an "employee" of Defendant as that term is defined by the FLSA. 29 U.S.C. § 203 (e)(1). *See also, Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). EOG was an employer of Plaintiff.

9. At all times, Plaintiff earned a day rate of approximately $1100 per day in connection with work for Defendant.

10. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

B. **Collective Action Members**

11. The putative Collective Action Members are all current or former employees of Defendant who are/were misclassified as independent contractors, are/were paid on a day rate basis, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant misclassified its employees and did not pay all overtime premium compensation due to its employees paid on a day rate who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

12. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

C. **Defendant EOG Resources, Inc.**

13. Defendant is a corporation organized under the laws of the State of Delaware.

14. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

15. Defendant's principal place of business, as listed with the Texas Secretary of State is 1111 Bagby St., Sky Lobby 2, Houston, TX 77002.

16. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

17. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

18. At all times relevant to this lawsuit, Defendant employed two or more employees

who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

19. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: transportation of goods within the state, communications using phones and radio with other employees and representatives.

20. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, fuel, equipment, and supplies/materials used in connection with oilfield operations.

21. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

22. Defendant may be served with summons through its registered agent CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas, TX 75201.

### III. JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

24. The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, Defendant is headquartered in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

25. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV.   FACTUAL BACKGROUND

26. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27. Plaintiff was employed by Defendant as a Directional Driller in connection with its business involving all aspects of oil and gas exploration. His primary job duties involved coordinating directional drilling.

28. At all material times Plaintiff was paid a day rate of approximately $1,100 per day. Defendant did not pay Plaintiff a salary or on a "fee basis" as those phrases relate to the FLSA.

29. During times relevant, Defendant employs/employed numerous other employees in connection with its business involving all aspects of oil and gas exploration who are/were similarly situated to Plaintiff. Those employees are/were also paid on a day rate basis, are/were not paid on a salary or fee basis, routinely work/worked in excess of 40 hours per workweek, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek, and are/were misclassified as independent contractors.

30. At all times material to this lawsuit he was treated as an independent contractor by Defendant. Plaintiff was issued 1099s, as opposed to W-2s, by Defendant relative to his work for Defendant.

31. Although Plaintiff regularly worked over 40 hours per workweek while working for Defendant and does not meet any FLSA exemption, he was never paid time and one-half his

regular rate of pay for any hour worked over 40 in a workweek by any Defendant. Plaintiff's weekly work schedule typically encompassed 84 hours of work for Defendant.

32. Defendant classified Plaintiff as an independent contractor. However, the economic reality under the FLSA is that Plaintiff was Defendant's employee at all material times. Defendant set the weekly work schedule for Plaintiff and the putative Collective Action Members, and Plaintiff and the putative Collective Action Members are/were expected and required to work for Defendant full time, which in oilfield operation such as those performed by Defendant are regularly workweeks that significantly exceed 40 hours per week.

33. Plaintiff and the putative Collective Action Members are/were supervised by EOG managers on a daily basis. Plaintiff and the putative Collective Action Members are/were instructed in the manner in which to do their jobs by EOG managers. Plaintiff and the putative Collective Action Members are/were not permitted and did not hire employees to assist them with their work for EOG.

34. Plaintiff and the putative Collective Action Members did not exercise sufficient, if any, control over a meaningful part of the business so as to respectively be separate economic entities from Defendant. Plaintiff and the other misclassified independent contractors were simply a part of EOG"s workforce performing job duties and work that was an integral part of EOG's business operations.

35. At all times relevant, Plaintiff and the putative Collective Action Members were economically dependent on Defendant. For example, EOG required/permitted Plaintiff and the other misclassified independent contractors to perform work which resulted in paychecks. The work demand from EOG prevented Plaintiff and the putative Collective Action Members from a meaningful opportunity for earned income from a source other than EOG.

36. Plaintiff and the putative Collective Action Members were paid a day rate by Defendant for the work they performed for Defendant. The more days Plaintiff and the other misclassified independent contractors worked, the more money they made. Plaintiff and the misclassified independent contractors did not and could not hire employees of their own while working for Defendant. Similarly, Plaintiff and the misclassified independent contractors did not and could not subcontract the work assigned to them by EOG. Plaintiff and the misclassified independent contractors had no opportunity for loss. Instead, there was only opportunity for earned income based upon days worked for EOG that were paid by EOG.

37. All major components open to initiative, such as advertising, pricing, and business decision making, were controlled by Defendant, not Plaintiff and putative Collective Action Members.

38. Plaintiff and the putative Collective Action Members routinely worked in excess of 40 hours in a workweek for EOG. When Plaintiff and the other misclassified independent contractors worked in excess of 40 hours in a workweek when paid a day rate, they were not paid corresponding overtime premium compensation as required by the FLSA.

39. In addition to not being paid overtime premium compensation for overtime hours worked, Plaintiff and the misclassified independent contractors of EOG were not paid/provided benefits enjoyed by workers classified as employees by EOG. Such benefits include health benefits and retirement benefits.

## V. CONTROLLING LEGAL RULES

40. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

41. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

42. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

43. Whether an individual is an employee, who is covered by the FLSA's provisions, as opposed to an independent contractor, who is not covered by the FLSA, is determined by the economic realities test. *Hopkins*, 545 F.3d at 343. The purpose of the economic realities test is to determine whether "the worker is economically dependent upon the alleged employer or is instead in business for himself." *Id.*

44. District Courts within the Fifth Circuit consider the following five factors in assessing the economic reality of the working relationship: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id*. at 343 (*citing Herman v. Express Sixty-Minutes Delivery Serv., Inc*., 161 F.3d 299, 303 (5th Cir. 1998). The Fifth Circuit further noted that: "[n]o single factor is determinative. Rather, each factor is a tool used to gauge the economic dependence of the alleged employee, and each must be applied with this ultimate concept in mind." Id. (citing *Herman*, 161 F.3d at 303 and *Brock v. Mr. W Fireworks, Inc*., 814 F.2d 1042, 1043-44 (5th Cir. 1987)).

45. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough.

Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

46. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

### VI.  FLSA CLAIMS FOR OVERTIME PAY

47. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

48. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, et seq.

49. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

50. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* U.S.C. § 203(s)(1)(A).

51. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e); *Wirtz*, 405 F.2d at 669-70. Although Defendant

labeled/treated Plaintiff as a so-called independent contractor, the economic reality is that Plaintiff was an employee of EOG.

52. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

53. Plaintiff and putative Collective Action Members are/were paid on a day rate basis by Defendant.

54. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

55. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

56. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

57. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

58. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

59. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and

one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

60. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

61. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VII.   COLLECTIVE ACTION CLAIMS

62. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

63. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

64. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendant who were misclassified as independent contractors, and were paid a day rate for all hours worked without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

65. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

66. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

67. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

68. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

69. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

70. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII.　JURY DEMAND

71. Plaintiff demands a jury trial.

## IX.　DAMAGES AND PRAYER

72. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

   b. All damages allowed by the FLSA, including back wages;

   c. Liquidated damages in an amount equal to FLSA-mandated back wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest;

   g. All other relief to which Plaintiff and the Collective Action Members may be justly

entitled.

Dated: March 21, 2022

Respectfully submitted,

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE ACTION MEMBERS